IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE VARGAS,

    Plaintiff,                                      No. CIV S-06-1877 DFL KJM PS

    vs.

LUMBER INDUSTRY PENSION FUND,        FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        Defendant filed a motion to dismiss on August 25, 2006, to which plaintiff did not timely respond.  By order filed September 19, 2006, plaintiff was given additional time in which to file opposition to defendant's motion and was cautioned that failure to file opposition would be deemed as a statement of non-opposition.  On the date opposition was due under the September 19, 2006 order, plaintiff requested a further extension of time.  Plaintiff was granted an extension of time to November 6, 2006 to file opposition and cautioned that no further extensions would be granted.  On November 6, 2006, plaintiff again requested an extension of time, having filed no opposition and despite the court's admonishment that no further extensions would be entertained.

        The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution.  Fed. R. Civ. P. 41(b).  Pro se litigants are bound by the rules of procedure,

1

1  even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567
2  (9th Cir. 1987).  In determining whether to dismiss for lack of prosecution, generally the court
3  considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to
4  manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring
5  disposition of cases on their merits, and (5) the availability of less drastic sanctions.  See, e.g.,
6  Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996).  The court may dismiss a case *sua*
7  *sponte* for lack of prosecution by the plaintiff.  Hamilton Copper & Steel Corp. v. Primary Steel,
8  Inc., 898 F.2d 1428 (9th Cir. 1990).  *Sua sponte* dismissal requires a "close focus" on
9  consideration of "less drastic alternatives" and whether or not there has been a "warning of
10 imminent dismissal of the case."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

11          In determining that this action will be dismissed, the court has considered all the
12 factors set forth in Al-Torki.  The first two factors on their face favor dismissal.  Defendant's
13 motion has been pending on the court's docket since August 25, 2006 and it appears plaintiff is
14 incapable of ever presenting meaningful opposition.  Compare Wanderer v. Johnston, 910 F.2d
15 652, 656 (9th Cir.1990).  Regarding the third factor, defendant already has briefed its motion, and
16 would be prejudiced by the need for further litigation of this matter despite plaintiff's non-
17 responsiveness.  Moreover, delay itself generally is prejudicial--witness's memories fade and
18 evidence becomes stale or undiscoverable.  While the fourth factor favors resolution on the
19 merits, in this case plaintiff has declined to oppose the motion to dismiss and has thus precluded
20 the court's evaluation of the potential merits of such an opposition.  Moreover, it appears that
21 defendant's argument that this action is barred by the statute of limitations is well-taken.  Under
22 these circumstances, the fourth factor is outweighed by the others.

23          Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal,
24 as required by Oliva, the court in both its September 19, 2006 as well as the October 16, 2006
25 order has advised plaintiff that this action is subject to dismissal, directed plaintiff to file
26 opposition, and granted ample additional time to oppose the pending motion after plaintiff failed

to timely oppose defendant's motion to dismiss, all to no avail.  From plaintiff's failure to respond in any meaningful fashion to the court's most recent extension of time, it appears that plaintiff does not intend to properly prosecute this litigation.  The court therefore concludes there is no suitable alternative less drastic sanction to dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be granted and this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 27, 2006.

_____
U.S. MAGISTRATE JUDGE

006
vargas.57